IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br>Peter Paul Mitrano,<br><br>        Debtor.<br>_____<br>Peter Paul Mitrano,<br><br>        Appellant,<br><br>   v.<br><br><br>United States of America,<br><u>et al.</u>,<br>        Appellees. | )<br>)<br>)<br>)<br>)   1:12cv33 (LMB/IDD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This is an appeal by Peter Paul Mitrano ("Mitrano" or
"appellant") of several orders of the bankruptcy court in an
adversary proceeding Mitrano filed against Melka Marine, Inc.,
Leonard Melka, and Karolyn Melka (hereinafter, "the Melkas") and
the United States. For the reasons that follow, the bankruptcy
court's decisions will be affirmed.

### I.   FACTUAL BACKGROUND

In May 2010, appellant, a self-employed patent attorney,
filed a Chapter 13 petition for bankruptcy protection in the
Southern District of West Virginia, where he was incarcerated.
He thereafter filed the three-count adversary proceeding at

issue in this appeal. In Count I he sought a declaratory judgment as to whether he is required to pay $517,306.32 in restitution, which was included in a criminal judgment entered in the District of New Hampshire in July 2009. See R. at 21.[1] In Count II, Mitrano sought to undo what he characterized as an $800,000 fraudulent conveyance to the Melkas, and in Count III, Mitrano sought to pierce Melka Marine's corporate veil. See id. at 22-26.[2]

On June 13, 2011, the bankruptcy court in West Virginia transferred the entire bankruptcy case to the United States Bankruptcy Court for the Eastern District of Virginia where Mitrano, who has completed serving his term of imprisonment, is now a resident and owns property. Mitrano opposed the transfer

---

[1] In July 2009, a jury sitting in the United States District Court for the District of New Hampshire found Mitrano guilty of failure to pay child support under 18 U.S.C. § 228(a)(3). He was sentenced to twenty-four months imprisonment and ordered to pay $517,306.32 in restitution for delinquent child support. The conviction and sentence were affirmed on appeal. See United States v. Mitrano, 658 F.3d 117, 120 (1st Cir. 2011).

[2] The alleged fraudulent conveyance arises out of a dispute over legal fees that Mitrano claims he is owed by the Melkas. See R. at 23 ¶ 20; Dkt. No. 2-1 at 5 (transcript of Oct. 25, 2011 bankruptcy court hearing). Allegedly, Mitrano represented the Melkas before the Court of Federal Claims, in which the Melkas were awarded legal fees under the Equal Access to Justice Act. Their fee dispute was eventually litigated before the Fairfax County Circuit Court. See Melka Br. at 3 n.2, 9 n.6. Mitrano does not dispute the Melkas' contention that a jury verdict was returned in their favor and that the "appeal to the Supreme Court of Virginia was dismissed, and rehearing was denied." See Melka Br. at 3 n.2.

2

and has appealed the transfer order to the district court in
West Virginia, where it is pending.

The Melkas and the United States filed separate motions
with the bankruptcy court in Virginia to dismiss the adversary
proceeding. Mitrano opposed dismissal and also sought to stay
the entire proceeding pending resolution of his appeal of the
transfer. Id. at 82. On September 14, 2011, the bankruptcy court
dismissed Mitrano's claims against the Melkas for failure to
state a claim, and on September 19, 2011, it denied Mitrano's
motion to stay and granted the United States' motion to dismiss.
Id. at 3-4 (Bankr. Dkt. Nos. 14, 17, 21). The court also invited
Mitrano to brief the issues of whether he had standing as a
Chapter 13 debtor to bring a cause of action for fraudulent
conveyance under 11 U.S.C. § 544 and whether he could bring an
action against the Melkas, ex rel, in the name of the United
States. Id. at 91-93. Mitrano filed pleadings addressing these
issues.

On September 23, 2011, the bankruptcy court held that as a
Chapter 13 debtor, Mitrano does not have standing either to act
as a trustee or to pursue a fraudulent conveyance action. See
id. at 95-97. On October 26, 2011, an order was entered denying
Mitrano's motions to proceed ex rel and his motion for
reconsideration of the order dismissing the adversary

3

proceeding. See id. at 131-32; Dkt. No. 2-1 at 5 (transcript of Oct. 25, 2011 bankruptcy court hearing). Thereafter, Mitrano timely appealed "any and all orders . . . entered in . . . adversary [sic] numbered 11-1330-RGM." See R. at 134. Shortly after Mitrano noticed this appeal, the bankruptcy court granted the United States' motion to convert the underlying petition from a Chapter 13 to a Chapter 7 bankruptcy. See Mitrano v. United States, No. 1:12cv0032(LMB/IDD) (E.D. Va. Jan. 10, 2012). Mitrano's appeal of that decision will be addressed in a separate opinion.

## II. DISCUSSION

At issue in this appeal are the orders of the bankruptcy court:

- dismissing the adversary proceeding as to the Melkas for failure to state a claim. See R. at 90 (dated Sept. 14, 2011).
- denying the motion to stay bankruptcy court proceedings pending appeal of transfer. See R. at 3, 4 (dated Sept. 19, 2011)(Bankr. Dkt. Nos. 17, 21).
- dismissing the United States as a party. See R. at 3, 4 (dated Sept. 19, 2011)(Bankr. Dkt. Nos. 17, 21).
- holding that the debtor lacks standing to bring a fraudulent conveyance action in a Chapter 13 proceeding because that power resides exclusively with the trustee. See R. at 95 (dated Sept. 23, 2011).
- denying authorization for the debtor to proceed ex rel on behalf of the United States and denying Mitrano's motion to reconsider dismissing adversary action. See R. at 4 (dated Oct. 26, 2011)(Bankr. Dkt. No. 29), 131-32.

Although the cover sheet of the appeal references just two orders, Mitrano, who stated in his notice of appeal that he is appealing all orders of the bankruptcy court, has divided his opening brief into eight "issues," which the Court has grouped as follows:

- Whether the bankruptcy court for the Eastern District of Virginia had subject matter jurisdiction, whether it erred in denying Mitrano's motion to re-transfer his case, and whether it erred in denying his motion to stay (Issues # 1, 2 & 8);
- Whether the bankruptcy court erred when it dismissed this adversary proceeding and denied Mitrano's motion to reconsider (Issues # 4 & 7);
- Whether the bankruptcy court erred when it held that Mitrano did not have standing to bring an adversary proceeding (Issue # 5); and
- Whether the bankruptcy court erred when it denied Mitrano's motion to proceed ex rel in the name of the United States (Issue # 3).

See Appellant Br. at 4-5.[3]

---

[3] Mitrano's sixth "issue" is whether the bankruptcy court erred "in disregarding the doctrine of judicial notice in relying upon the facts stated in other cases." He does not, however, mention a single fact of which the bankruptcy court improperly took judicial notice. See Appellant Br. at 36-39. Of course, a court's finding that it lacks jurisdiction to hear a collateral attack on the final order of another court does not implicate the doctrine of judicial notice. Therefore, if Mitrano's actual objection is that the district court took "judicial notice" of the existence of the jury verdict and subsequent judgment entered by the New Hampshire district court or the jury verdict concerning the Melkas in the Fairfax County Circuit Court, then his argument is frivolous on its face.

## A. **Standard of Review**

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 158(a), which grants a district court the power to hear appeals from final orders and, with leave of the court, interlocutory orders, entered by a bankruptcy court in matters referred to it pursuant to 28 U.S.C. § 157. A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. A bankruptcy court's factual findings are reversed only where they are "clearly erroneous." See id.; In re Tudor Assocs. LTD (II), 20 F.3d 115, 119 (4th Cir. 1994). Questions of law are reviewed de novo. See, e.g., In re Tudor, 20 F.3d at 119. The issues raised in this appeal are solely questions of law.

## B. **Subject Matter Jurisdiction, Venue, and Appellant's Motion to Stay**

Mitrano asserts that the bankruptcy court for the Eastern District of Virginia lacked, and continues to lack, subject matter jurisdiction because his appeal of the transfer from West Virginia is pending. See Appellant Br. at 1-4. As an initial matter, the bankruptcy court possessed subject matter jurisdiction over the adversary proceeding pursuant to 28 U.S.C.

§ 157, which allows bankruptcy judges to hear cases arising under Title 11 and referred by the district court.[4]

To the extent Mitrano complains about the denial of his motion to re-transfer the case to West Virginia, that issue is not a proper subject of his appeal because it was not included in the complaint setting out the adversary proceeding. No order regarding a denial of re-transfer was entered in this adversary proceeding. Therefore, because the dispute over venue occurred in the underlying bankruptcy action, not in this adversary proceeding, the Court does not have appellate jurisdiction over the denial of the motion to re-transfer.

Finally, in his motion to stay pending the resolution of his appeal in West Virginia, Mitrano argued that the bankruptcy court could not move forward while the appeal was pending in West Virginia. The United States and the Melkas argue that a bankruptcy court can address proceedings raised during the

---

[4] In a late-filed supplemental brief, which the Court chose to consider given that appellant is pro se, Mitrano cites cases standing for the proposition that a transferee court lacks subject matter jurisdiction if venue there is improper. See Dkt. No. 16. Even were the transfer issue properly before the Court in this appeal, the cases cited by Mitrano dealt with a clear violation of 28 U.S.C. 1404(a), which permits transfer only to a district "where [a case] might have been brought." Unlike the federal courts in the cases cited by Mitrano, the bankruptcy court in West Virginia transferred this case to the location where the debtor owns property, had lived before his incarceration, and currently resides. See Dkt. No. 2 at 9-10, 16 (transcript of Sept. 19, 2011 bankruptcy court hearing).

7

pendency of an appeal and commonly do. See Gov't Br. at 5
(listing cases, including Byrd v. Branigan, No. AW-06-0895, 2006
WL 4458702, at *6 (Bankr. D. Md. Nov. 29, 2006)). Absent a stay
pending appeal, a bankruptcy court may move forward with issues
collateral to the one on appeal.

Although Mitrano appeals the denial of his motion to stay
the bankruptcy proceedings pending the outcome of his appeal of
the order transferring his case from West Virginia, he has not
attempted to make any showing justifying entitlement to a stay.
Winter v. Natural Res. Def. Council, 555 U.S. 7 (2008)
(establishing test for preliminary relief). Specifically, he has
not established that he is likely to succeed on the merits of
his appeal or that he would be irreparably harmed if the stay
were not granted. See id. He has certainly not shown that the
equities tip in his favor or that the public interest would be
served by a stay. See id. Of most significance is the refusal of
the bankruptcy court in West Virginia to grant Mitrano's request
for a stay coupled with the West Virginia district court's
decision not to sua sponte stay the case while it considers the
appeal.

Given this record, Mitrano's claims that the bankruptcy
court lacks subject matter jurisdiction, that the entire
bankruptcy proceeding must be transferred back to West Virginia,

and that the bankruptcy court should have stayed the proceedings
pending resolution of his appeal in the district court in West
Virginia all fail, and the decisions of the bankruptcy court on
these issues will be affirmed.

### C. **Dismissal of the Adversary Proceeding and Denial of the Motion to Reconsider**

The record clearly establishes that the bankruptcy court
correctly dismissed Count I of the adversary proceeding because
that count necessarily constituted an improper attempt to bring
a collateral attack on a final judgment in a criminal case. See
Dkt. No. 2 at 18-20 (transcript of Sept. 19, 2011 bankruptcy
court hearing). Mitrano offers no substantive arguments in
support of his effort to have the restitution order reviewed by
the bankruptcy court. His only contention is that "res judicata
is an affirmative defense" that cannot be decided on a motion to
dismiss. Appellant Br. at 41. Moreover, he failed to address the
United States' point that the government has not filed a proof
of claim as to the restitution order and, therefore, that debt
is not before the bankruptcy court. See Dkt. No. 2 at 19-21
(transcript of Sept. 19, 2011 bankruptcy court hearing).[5]

---

[5] The Internal Revenue Service has entered the bankruptcy
proceeding only to enforce a claim for federal taxes. Dkt. No. 2
at 20-21 (transcript of Sept. 19, 2011 bankruptcy court
hearing).

The bankruptcy court also correctly dismissed Counts II and III for failure to state a claim. The complaint alleges:

> On or about June 30, 2006, <u>Mitrano conveyed</u> Mitrano's interest under duress in an account receivable due Mitrano from Melka Marine, Inc. <u>that had the purpose of defrauding certain creditors</u> (including but not limited to the United States government) of Mitrano and hindering or delaying the collection of certain debt.

R. at 22 ¶ 19 (emphasis added). That allegation not only fails to make out a claim for a fraudulent conveyance but also clearly establishes that Mitrano came to the bankruptcy court with unclean hands. <u>See</u> <u>In re Pajaro Dunes Rental Agency</u>, 174 B.R. 557, 595 (Bankr. N.D. Cal. 1994)(holding that one "who attempts to cheat others by a fraudulent conveyance . . . will not be heard to complain if . . . he is cheated himself"); <u>Hyde Props. v. McCoy</u>, 507 F.2d 301, 305-06 (6th Cir. 1974)(discussing "theory that a fraudulent conveyance, though valid between the parties, is void as to creditors"). Moreover, because "[l]eave to amend need not be given when amendment would be futile," the bankruptcy court properly denied Mitrano's request to amend and dismissed the complaint. <u>See</u> <u>In re PEC Solutions, Inc. Sec. Litig.</u>, 418 F.3d 379, 391 (4th Cir. 2005).

With respect to Mitrano's appeal of the denial of his motion to reconsider the dismissal of the adversary proceeding, the bankruptcy court correctly found that Mitrano failed to

offer any substantive factual or legal support for
reconsideration. Instead, his argument focused solely on
repeating his position that the bankruptcy court lacked subject
matter jurisdiction given what Mitrano deemed an improper
transfer from West Virginia. Because the court had previously
rejected those arguments and found they were not properly raised
in the adversary proceeding, the bankruptcy court correctly
declined to entertain the same arguments upon a motion to
reconsider under Fed. R. Civ. P. 59(e) or 60(b).

### D. Standing to Pursue Fraudulent Conveyance Proceeding

The bankruptcy court also found that Mitrano, as a debtor
in a Chapter 13 proceeding, had no authority to bring an
adversary proceeding alleging fraudulent conveyance. Among the
bankruptcy courts, there is a split of authority as to whether a
Chapter 13 debtor can employ the avoidance powers of a trustee.
Courts that have refused to permit such an exercise of power by
the debtor have relied on 11 U.S.C. § 1303, which lists the
powers given to the debtor and does not include avoidance powers
within that list. Because avoidance powers are not included in
the statute, permitting a debtor to exercise such power would
amount to judicial legislating. See In re Bruce, 96 B.R. 717,
721 (Bankr. W.D. Tex. 1989). Moreover, allowing a debtor in a
Chapter 13 proceeding to have avoidance powers would be

particularly inappropriate given that a Chapter 13 bankruptcy proceeding, unlike, for example, a typical Chapter 11 proceeding, already has a trustee who has been granted avoidance powers. See id.

Mitrano relies heavily on the view taken by some courts that, for equity reasons, a debtor can exercise such powers concurrently with a trustee. See, e.g., In re Freeman, 72 B.R. 850 (Bankr. E.D. Va. 1987). Although the Freeman court is not alone in its conclusion, it appears to be in the minority. Moreover, in more recent years, higher courts have taken a stricter approach to power-sharing between the trustee and the debtor. For example, in Hartford Underwriters Insurance Co. v. Union Planters Bank, 530 U.S. 1 (2000), the Supreme Court literally interpreted 11 U.S.C. § 506(c), which permits a trustee to recover the reasonable costs of maintaining or disposing of a piece of property, and held that a non-trustee could not recover such costs under the statute. Id. at 5-6; accord In re JKJ Chevrolet Inc., 26 F.3d 481, 484 (4th Cir. 1994)(reading trustee powers enumerated in § 506(c) as exclusive powers).

Faced with the same issue presented here and applying the reasoning of Hartford Underwriters, In re Osting held that a

12

Case 1:12-cv-00033-LMB-IDD  Document 17  Filed 03/28/12  Page 13 of 14 PageID# 362

Chapter 13 debtor does not have the authority to exercise a

trustee's avoidance power, explaining that:

> (1) a statute designating a particular party empowered
> to act is "the least appropriate in which to presume
> nonexclusivity;" (2) the trustee has "a unique role in
> bankruptcy proceedings" making it more plausible
> "Congress would provide a power to [the trustee] and
> not to others;" and (3) had Congress intended the
> provision to be broader, it could have simply done so.

In re Osting, 337 B.R. 297, 306 (Bankr. N.D. Ohio 2005)(quoting

Hartford Underwriters, 530 U.S. at 6-7). Accordingly, the

bankruptcy court's decision that Mitrano had no authority to

bring a fraudulent conveyance action will be affirmed.[6]

### E. Order Denying Authority to Proceed *Ex Rel* in the Name of the United States

Mitrano moved to proceed ex rel on behalf of the United

States against the Melkas, arguing that by collecting the debt

he alleges they owe him, he would in turn have funds to pay his

federal tax and restitution obligations. The collection of debts

owed to the United States is governed by the Federal Debt

Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, et seq.

---

[6] The Melkas also correctly point out that, since the bankruptcy
court's decision on this issue, the underlying bankruptcy
petition was converted from Chapter 13 to Chapter 7. Whatever
ambiguity exists with respect to the standing of a Chapter 13
debtor, it is undisputed that a Chapter 7 debtor cannot act as a
trustee to bring a fraudulent conveyance action. See 11 U.S.C.
§§ 541(a), 704(1); see also Cain v. Hyatt, 101 B.R. 440, 442
(Bankr E.D. Pa 1989)(collecting cases). Although the conversion
order is on appeal, it is a final order of the bankruptcy court.
Mitrano is a Chapter 7 debtor; therefore, he does not have the
power to pursue fraudulent conveyance actions.

The United States argues that there is not a single provision in the FDCPA or any other federal statute, nor any case law, that supports the authority of an individual to collect debts owed to the federal government. As Mitrano himself acknowledged during oral argument before the bankruptcy court, his reliance on cases dealing with the False Claims Act, 31 U.S.C. §§ 3729, et seq., which allows a private party to sue on behalf of the United States to recover losses resulting from fraud, does not support his position because this case does not involve false claims submitted for payment to the United States government. Moreover, pro se litigants, such as Mitrano, cannot bring qui tam actions on behalf of the United States. United States ex rel. Brooks v. Lockheed Martin Corp., 237 F. App'x 802, 803 (4th Cir. 2007). Accordingly, the bankruptcy court correctly denied Mitrano's request and will be affirmed on this issue.

### III. CONCLUSION

For the above-stated reasons, all of the decisions of the bankruptcy court which Mitrano addresses in this appeal will be affirmed by an Order to be issued with this Memorandum Opinion.

Entered this 28 day of March, 2012.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

14